UNION COUNTY CIRCUIT COURT.

JOHN A. RUBINO, TRADING AS UNITED STATES STEEL
AND WIRE COMPANY, CLAIMANT, v. GROVER C.
TRANOR AND HERBERT C. McVOY, OWNERS, AND
PIONEER IRON WORKS, INCORPORATED, A CORPORA-
TION, AND BERNHARD MILLER AND MORRIS ABRAM-
SON, TRADING AS INTERSTATE IRON WORKS, BUILD-
ERS, AND MEYER M. SEMEL, RECEIVER OF PIONEER
IRON WORKS, INCORPORATED, AND FIDELITY UNION
TITLE AND MORTGAGE GUARANTY COMPANY, A COR-
PORATION, MORTGAGEE, DEFENDANTS.

Before Union County Common Pleas Judge LLOYD
THOMPSON, by reference and stipulation.

This is a motion to strike out the complaint on the ground
of misjoinder of two separate causes of action in each of two
counts. It might well have been made on the ground that
as to one of the debts set forth therein the complaint does not
state facts sufficient to constitute a cause of action against
the defendants Tranor and McVoy or a lien on their lands.
Counsel have in their briefs really argued the motion as
though it had actually been made on that ground and rest
their respective contentions on their conception of the merits
considered from that standpoint, as well as that of alleged
misjoinder. The first count alleges a lien, under the Me-
chanics Lien law, upon the real estate of the defendants,
Grover C. Tranor and Herbert C. McVoy as owners, for the

amount of two debts to the plaintiff, one from Pioneer Iron Works, Incorporated, in the amount of $607.07, and the other from Bernhard Miller and Morris Abramson, trading as Interstate Iron Works, in the sum of $266.59. The amount of each debt is alleged to be the contract price of work done or materials furnished in each case to the building constructed on the lands of Tranor and McVoy. The second count sets up the same debts, the amounts being therein alleged to be the reasonable worth of the respective work and materials furnished.

The facts are as follows: Tranor and McVoy, owners of the land, contracted with Pioneer Iron Works, Incorporated, for certain steel material and construction on their lands in Westfield, New Jersey. Pioneer Iron Works, Incorporated, in turn, contracted with the plaintiff for the furnishing of such material and construction. Plaintiff furnished it to the extent of $607.07. The last materials furnished or work done on the buildings by the plaintiff, under this contract, was on June 24th, 1929. Pioneer Iron Works, Incorporated, failed, a receiver was appointed, and the plainitff was not paid. He filed no materialman's lien within four months of June 24th, 1929, for this debt. Subsequently, McVoy and Tranor, owners, contracted with Miller and Abramson, trading as Interstate Iron Works, for similar materials and work necessary to complete the construction. The latter also, in turn, contracted with the plaintiff for furnishing these materials and work to the extent of $266.59. None of the contracts were filed. The last materials furnished by plaintiff to Interstate Iron Works and used in the building in question was on October 23d, 1929. Within four months thereafter, plaintiff filed his lien and brought this action against Tranor and McVoy, as owners of the land, and against Pioneer Iron Works, Incorporated, for the labor and materials previously furnished to it (and for which plaintiff had failed to file a lien claim within the statutory four months), and against Interstate Iron Works for the remainder of the materials. The receiver of Pioneer Iron Works, Incorporated, and the Fidelity Union Title and Mortgage Guaranty Company, mortgagee, are also made parties defendant.

The objection to the complaint, on the part of the defendants, Tranor and McVoy, owners, and the ground of their motion to strike the complaint, is that the claims are misjoined in the same counts, in that they are not debts against the same parties, or all proper liens against the land and buildings, and that they are independent and separate causes of action against different parties, and that, as before stated, the claim against Pioneer Iron Works, Incorporated, does not constitute a cause of action against Tranor and McVoy, or a lien on their lands. It is claimed that this is so because neither Tranor and McVoy, nor their lands, can be liable for the plaintiff's claim for the materials furnished and work performed under his contract with Pioneer Iron Works, Incorporated, for the reason that plaintiff lost his right against Tranor and McVoy, or their lands, by failure to file a materialman's lien claim within the statutory period of four months, and that plaintiff therefore has a claim only against Pioneer Iron Works, Incorporated, and its receiver, which is a separate and distinct cause of action against a party other than the defendants, Tranor and McVoy, and that such cause of action may not be joined in the same counts with the cause of action properly against them or their lands. The plaintiff contends, on the other hand, that it has a cause of action against Tranor and McVoy, or a lien on their lands, by reason of the indebtedness of Pioneer Iron Works, Incorporated, under the Mechanics Lien law, and that there is therefore no misjoinder. The basis of the plaintiff's contention is that the work and materials furnished by him to Pioneer Iron Works, Incorporated, under the one contract, and the materials furnished to Interstate Iron Works under the other contract, all went into the building of Tranor and McVoy, and that notwithstanding that plaintiff may have lost his right of lien originally, under the Pioneer Iron Works, Incorporated, contract, by his failure to file his lien within four months, nevertheless he, having subsequently furnished materials to the same building, although for another contractor, and having filed his lien and brought his action within four months of the date that the last materials were

furnished under the second contract, he may now bring this action for all the work and materials under both contracts, arguing that the last date of furnishing of *any* materials fixes the time within which he may bring his action for all.

I am of the opinion that the plaintiff is wrong in this contention, for two reasons:

First, because to sustain such a contention would mean destroying the protection of the statute (section 18 of the Mechanics' Lien law) to the owner with respect to the time as of which he is charged with notice of the possible claims of mechanics or materialmen. The law provides that the mechanic or materialman must file his lien within four months from the date of the last work done or material furnished. This is manifestly so that an owner may know when he may safely pay his contractor, free from the possibility of later claims of those having done work or furnished materials, and whom the contractor has failed to pay. There must be a time when an owner may have this security. The statute fixes it at four months. The owner could not rely upon this security if it were possible that a materialman or mechanic who had furnished materials or done work for a given contractor, and failed to file his lien within the statutory period, could, by contriving to furnish some material or perform some labor subsequently, through another contractor, upon the same premises, thereby revive a lien which an owner had become secured against previously, by reason of the expiration of the four months period limited by the statute. As counsel for the defendants aptly argues in his brief, it would be possible under the plaintiff's theory for the statutory period to elapse, and the owner rely on it in making payments, and many months and even years afterward, if the owner happened to employ the same mechanic or buy materials from the same materialman, a previously extinguished right of lien would thereby become revived by reason of the later date of furnishing labor and material to the same premises. Such a situation could not have been contemplated by the statute. To say that the statute does not protect against such a situation is to throw wide open

the gates for fraud against an owner, and to make owners, mortgagees, purchasers and all others dealing with the real estate in question, subject to unknown and indeterminable risks.

Second, I believe the statute itself inhibits its working out in the manner contended by the plaintiff, and with the result I have above indicated, because the language of section 1 is as follows: "Every building hereafter erected or built within this state shall be liable for the payment of any *debt* contracted and owing to any person for labor performed or materials furnished for the erection and construction thereof, *which debt* shall be a lien on such building," and section 18 reads: "No *debt* shall be a lien by virtue of this act unless a lien claim is filed as hereinbefore provided within four (4) months from the date of the last work done or material furnished for which *such debt* is due." (The italics are mine).

It clearly appears that what is intended to be a lien on the lands is a *debt,* the debt to the mechanic or materialman, owing by the one with whom he contracted to do the work or furnish the material. The debt of the mechanic or materialman is not against the owner, unless the owner contracted with him. It is against the contractor, and it is this debt that becomes a lien, and once the lien period has expired, that debt can never again be a lien on the property, and it certainly can not be reinstated as a lien by coupling it with a debt due from another party which may be a lien because filed within time. That is what has been sought to be done by the plaintiff in this case. He has a debt against Pioneer Iron Works, Incorporated, for which he has no lien on the lands, and he has another debt against Interstate Iron Works, for which he has a lien on the lands. Both of these debts are against different parties. Neither of them is the debt of the defendants, Tranor and McVoy, owners of the lands, though the lands may be subject to a lien for one of them. Tranor and McVoy are in no way concerned with plaintiff's debt against Pioneer Iron Works, Incorporated, their lands being no longer subject to a lien for it. The cause of action against Pioneer Iron Works, Incorporated, is against it alone.

Neither Tranor and McVoy nor Interstate Iron Works is concerned with it, yet it is joined in the same count with claims against these defendants. These causes of action have no relation to each other. The debts are not the same debts, and the debt that lost its lien cannot ride in on the property with the debt that has a lien.

Plaintiff's counsel cites the case of *Gardner & Meeks Co.* v. *New York Central Railroad,* 72 *N. J. L.* 257, and *Boynton Lumber Co.* v. *Evans,* 101 *Id.* 120. It is true, these cases are authority for the proposition that a mechanic or material-man has his lien claim on the lands and buildings irrespective of his contractual relation with the owner, but neither of them lends any countenance to the contention that where the statute gives a lien for a debt, and such debt has lost its lien by expiration of time, it can be revived by arbitrarily linking it with another separate and different debt that has not lost its time. The case of *Franklin Society* v. *Thornton,* 85 *N. J. Eq.* 37, holds that the Mechanics' Lien law is to be construed strictly, so far as it established an encumbrance upon the property of one person for another person's debt.

For the foregoing reasons I conceive the causes of action to have been improperly joined in both of the two counts in the complaint, and the claim against Pioneer Iron Works, Incorporated, not a cause of action against Tranor and McVoy or a lien on their lands. If there had been separate counts in one of which the claim growing out of the Pioneer Iron Works, Incorporated, contract had been separately set out, the defendant owners might have moved to strike that count, leaving the other count involving the claim growing out of the Interstate Iron Works contract unaffected and subject to answer; but by uniting all the claims in one count as to contract price, and in the other count for reasonable value, the plaintiff has left defendants no alternative but to move to strike the whole. The motion to strike will be granted, or I will entertain a motion to amend the complaint by eliminating the claim under the Pioneer Iron Works, Incorporated, contract against Tranor and McVoy on their lands.